# IN THE COURT OF APPEALS OF IOWA

No. 24-0163
Filed February 5, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**MARK EDWARD STEINHELPER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Brendan Greiner, Judge.

Mark Steinhelper appeals his convictions on two counts of lascivious conduct with a minor. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney General, for appellee.

Heard by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

After a stipulated bench trial on the minutes of testimony, the district court found Mark Steinhelper guilty of two counts of lascivious conduct with a minor under Iowa Code section 709.14(1) (2023). On appeal, Steinhelper challenges the district court's interpretation of the statute, as well as the sufficiency of the evidence supporting his convictions.

Based on the plain language and clear meaning of section 709.14(1), a person commits lascivious conduct with a minor by removing or forcing the removal of a minor's clothing. Applying that interpretation to the facts, substantial evidence shows Steinhelper committed two counts of lascivious conduct with a child. We therefore affirm.

**I. Background Facts.**

The facts are not in dispute. Late one August night in 2023, Steinhelper entered the bedroom of his seventeen-year-old daughter while she watched videos in bed. Steinhelper got on the bed and rubbed his daughter's feet after she complained of foot pain. Their conversation turned to body piercing. Steinhelper unbuttoned and unzipped his daughter's pants and looked at her genitals, telling her he was checking for piercings. Steinhelper then lifted her shirt and looked at her navel piercing before placing his fingers on her breasts over her bra, rubbing in circular motions. Steinhelper apologized. He asked if his daughter wanted to shower and offered to help. He also offered her an alcoholic beverage. The daughter declined both, and Steinhelper eventually left the room.

The next morning, Steinhelper told his daughter, "I'm sorry about last night" and "I know I'm supposed to protect you." He also suggested that she stay with a

friend based on the trauma he caused. Later that day, Steinhelper told his wife that he viewed their daughter's clitoris. He also admitted showing or attempting to show her his erect penis.

After Steinhelper's wife and daughter reported the incident to law enforcement, the State charged Steinhelper with two counts of lascivious conduct with a minor by disrobing. Steinhelper waived his right to a jury and stipulated to trial on the minutes of testimony. He moved for acquittal, arguing that disrobing occurs only when a person undresses themself, not when another undresses them. The district court rejected the interpretation advanced by Steinhelper and denied his motion for acquittal. Finding the State proved the elements of lascivious conduct with a minor by disrobing, it rendered a verdict of guilty on both counts. After a hearing, the court sentenced Steinhelper to one year of incarceration on each count and ordered him to serve the sentences consecutively.

**II. Discussion.**

Steinhelper appeals both convictions, challenging the district court's interpretation of Iowa Code section 709.14(1), the statute for lascivious conduct with a minor by disrobing. He also contends insufficient evidence supports his convictions. We review claims involving statutory interpretation and challenges to the sufficiency of the evidence for correction of errors at law. *State v. McCollaugh*, 5 N.W.3d 620, 623 (Iowa 2024).

**A. Statutory Interpretation.**

We begin our analysis with Steinhelper's challenge to the district court's statutory interpretation. In interpreting statutes, we look at the language of the provision at issue and determine whether the statute is ambiguous. *Id.* If not, our

inquiry ends because we do not search beyond the express language of a statute when its language is plain and its meaning is clear. *Id.* But if reasonable minds could differ as to a statute's meaning, we may rely on principles of statutory construction in resolving the ambiguity. *State v. Middlekauff*, 974 N.W.2d 781, 793 (Iowa 2022).

Iowa Code section 709.14(1) makes it unlawful for an adult in a position of authority over a minor "to force, persuade, or coerce that minor, with or without consent, to disrobe or partially disrobe for the purpose of arousing or satisfying the sexual desires of either of them." The district court outlined four elements the State had to prove to convict Steinhelper under the statute:

> 1. On or about the 20 to 21 August 2023, Mr. Steinhelper forced, persuaded, or coerced [the child], with or without her consent, to disrobe or partially disrobe.
> 2. Mr. Steinhelper engaged in such conduct with the specific intent to arouse or satisfy the sexual desires of himself or [the child].
> 3. At the time of the conduct, Mr. Steinhelper was 18 years of age or older.
> 4. At the time of the conduct, Mr. Steinhelper was in a position of authority over [the child].

Steinhelper challenges the interpretation of "disrobe" in the first element.

Steinhelper argues that section 709.14 only applies when an adult forces a minor "to disrobe" themselves, not when the adult disrobes the minor.[1] Because the

---

[1] Steinhelper argues that the charge of sexual exploitation of a minor better fits the facts. That charge makes it "unlawful to employ, use, persuade, induce, entice, coerce, solicit, knowingly permit, or *otherwise cause or attempt to cause* a minor . . . to engage in a prohibited sexual act or in the simulation of a prohibited sexual act." Iowa Code § 728.12(1) (Supp. 2023) (emphasis added). A "prohibited sexual act" includes "[n]udity of a minor for the purpose of arousing or satisfying the sexual desires of a person who may view a visual depiction of the nude minor." *Id.* § 728.1(7)(g). But violations of section 728.12(1) further require that "[a] person must know, or have reason to know, or intend that the act or simulated act may be photographed, filmed, or otherwise preserved in a visual depiction." *See also id.*

legislature did not define "disrobe," we may discern its meaning by looking at prior cases, similar statutes, dictionary definitions, and its common usage. *See Middlekauff*, 974 N.W.2d at 793. In doing so, we use a reasonable interpretation and avoid interpreting the statute in a way that defeats its plain purpose. *Id.*

No Iowa cases have interpreted "disrobe" as used in section 709.14(1) or any other statute. We turn, then, to the common definition. Merriam-Webster defines "disrobe" as "to take off one's clothing" or "to strip of clothing or covering." *Disrobe*, *Merriam-Webster*, https://perma.cc/H5PF-79KW. Wiktionary.com defines disrobe as "[t]o undress someone or something" or "strip, get undressed." *Disrobe*, *Wiktionary*, https://perma.cc/D7GB-VNJU. Neither definition limits the act of disrobing to the removal of one's own clothing. To illustrate this point, the State notes cases that have used the word "disrobe" to describe removing another's clothing. *See, e.g.*, *State v. Turecek*, 456 N.W.2d 219, 221 (Iowa 1990) ("Approximately one hour later, they called J.B. into a bedroom where the two of them disrobed her, handcuffed her and tied her on a bed where Rodney had sexual

---

§ 728.1(11) (defining "visual depiction" to include "any picture, slide, photograph, digital or electronic image, negative image, undeveloped film, motion picture, videotape, digital or electronic recording, live transmission, or other pictorial or three-dimensional representation"); *State v. Romer*, 832 N.W.2d 169, 180 (Iowa 2013) ("The crime of sexual exploitation of a minor is aimed at the creation, dissemination, and possession of child pornography . . . ."). There is no visual depiction of Steinhelper's daughter.

Steinhelper also argues that the State could have charged him with assault with intent to commit sexual abuse under Iowa Code section 709.11(3) (involving no injury), an aggravated misdemeanor. But as Steinhelper acknowledges, the prosecutor has discretion in deciding which criminal charges to file against a defendant regardless of whether the available charges call for different punishments. *State v. Alvarado*, 875 N.W.2d 713, 718 (Iowa 2016). The question is not whether Steinhelper was guilty of a different crime but whether he committed the crimes for which he was convicted.

intercourse with J.B."); *State v. Butts*, No. 11-0069, 2011 WL 5867065, at *9 (Iowa Ct. App. Nov. 23, 2011) ("He forcibly disrobed her.").

It is also important to look at the context of "disrobe" as used in the statute. *See Beverage v. Alcoa, Inc.*, 975 N.W.2d 670, 681 (Iowa 2022) (noting that "context is critical" in determining the meaning of the statute and whether it is ambiguous). To commit lascivious conduct with a minor by disrobing, section 709.14(1) requires that an adult "force, persuade, or coerce" the minor to disrobe. The legislature's use of three verbs to indicate how unlawful disrobing may occur weighs against the strict definition of "disrobe" that Steinhelper advances. "Force," as a verb, means "[t]o compel by physical means." *Force*, *Black's Law Dictionary* (12th ed. 2024). The act of undressing another is one way of physically compelling another to disrobe.

Under the plain language and clear meaning section 709.14(1), "disrobe" includes the act of an adult removing a minor's clothing. We affirm the district court's interpretation of section 709.14(1).

**B. Sufficiency of the Evidence.**

Having determined that the district court did not err in interpreting section 709.14(1), we next consider whether there is sufficient evidence to support Steinhelper's convictions. The question is whether substantial evidence shows Steinhelper's guilt. *See State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024). "Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (citation omitted). In making this determination, we view the evidence in the light most favorable to the State,

including any "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (citation omitted).

Steinhelper's primary argument hinges on interpreting section 709.14(1) to apply only when a minor undresses themself, an interpretation this court can reject. In the alternative, Steinhelper argues that the evidence supports one conviction at most, not two. At the trial on stipulated minutes of testimony, the prosecutor explained why the State charged Steinhelper with two counts of lascivious conduct with a minor by disrobing:

> It's two separate actions that occurred. One of them was the partial disrobing of the shirt, one of them is the partial disrobing of the shorts. Each of those incidents are separate actions even if they occurred close in time. They do not aggregate together to create one count when there are two different actions and two different—one involving the genitals and one involving the breasts.

Steinhelper argues the evidence does not support a finding he committed a second act of lascivious conduct because he never uncovered his daughter's breasts, only used "his finger to motion around her breast in a circular movement" over her bra.

During her forensic interview, Steinhelper's daughter stated that Steinhelper "lifted up her shirt by pulling it back and was looking at her belly button for piercings." The statement does not indicate how far Steinhelper lifted her shirt. But his daughter describes Steinhelper as touching her breasts over her bra immediately after this. The State claims that this evidence, viewed in a favorable light, supports the finding that Steinhelper touched his daughter's breasts while raising her shirt. We agree. Because substantial evidence shows Steinhelper's

act of lifting his daughter's shirt was a partial disrobing under section 709.14(1), we affirm his convictions.

**AFFIRMED.**